1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME H. SPRAGUE, et al.,                No.  2:18-cv-00089-MCE-KJN (PS)

12                Plaintiffs,

13         v.                                   ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   LLOYD A PHILLIPS,

15                Defendant.

16

17         Presently pending before the court is defendant's motion to dismiss plaintiff's complaint.

18   (ECF No. 6)  Plaintiffs filed an opposition, and defendant has replied.  (ECF Nos. 8, 9).  This

19   matter came on regularly for hearing on March 22, 2018, at 10:00 a.m.  At the hearing, plaintiff

20   Jerome H. Sprague, who proceeds without counsel, appeared on behalf of all plaintiffs.[1]  Derick

21   E. Konz and Melissa Currier appeared on behalf of defendant.  After carefully considering the

22   parties' briefing, the oral argument at the hearing, and the applicable law, the court recommends

23   that defendant's motion to dismiss be granted and plaintiffs' complaint be dismissed with

24   prejudice.

25   I.    BACKGROUND

26         The plaintiffs in this matter are listed as Jerome H. Sprague, as both trustee ("Trustee")

27   _____

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                        1

1  and trustor ("Trustor") of the Jerome H. Sprague Family Revocable Trust ("Trust"), as well as the

2  Trust itself. (ECF No. 1 at 1–2.) Each of these plaintiffs is represented by Jerome H. Sprague,

3  and each has the same address of record, 3819 Moddison Ave., Sacramento, CA 95819. (Id.) On

4  January 16, 2018, plaintiffs filed the operative complaint and paid the filing fee. (ECF No. 1.)

5       Apparently, defendant Lloyd A. Phillips was the Sacramento County Superior Court

6  Judge who presided over a state court action that resulted in a substantial monetary judgment

7  against plaintiffs on March 28, 2008. (Id. at 2, 5.) Plaintiffs assert that they are the victims of

8  corrupt politics and a conspiracy that resulted in the allegedly fraudulent judgment, as well as

9  subsequent actions by the Sacramento Metropolitan Air Quality Management District, based on

10  the judgment. (Id. at 2–12.)

11       The gravamen of the complaint is that defendant allegedly violated plaintiffs'

12  constitutional rights during the proceedings in the state court action over which he presided. (Id.

13  at 7.) Relevantly, on December 3, 2007, Judge Phillips issued a minute order dismissing the

14  Trust and Trustee as defendants from the state court action. (Id.) Then, on March 28, 2008,

15  Judge Phillips signed a "Statement of Decision and Judgment" allegedly "illegally & fraudulently

16  adding back" the Trust and Trustee as defendants, in violation of the Sacramento County Superior

17  Court's local rules. (Id.)

18       The complaint asserts four causes of action against defendant: (1) 42 U.S.C. § 1983 –

19  denial of procedural due process, a violation of the Fourteenth Amendment of the United States

20  Constitution; (2) 42 U.S.C. § 1983 – denial of procedural due process, a violation of the

21  California Constitution, Article 1, Section 7; (3) 42 U.S.C. § 1983 – taking of property without

22  just compensation, a violation of the Fourteenth Amendment of the United States Constitution;

23  and (4) negligent infliction of emotional distress. (ECF No. 1 at 14–16.)

24       On February 8, 2018, defendant filed a motion to dismiss plaintiff's complaint "on the

25  grounds that the Complaint fails to state a valid claim for relief because it is barred by a two-year

26  statute of limitations, the Defendant is entitled to absolute judicial immunity, and there is no

27  private right of action under Article 1, § 7 of the California Constitution." (ECF No. 6 at 1–2.)

28  As defendant points out, this is not Mr. Sprague's first attempt to bring a lawsuit against a state

2

court judge, based upon an unfavorable outcome in a state court proceeding.

> On May 4, 2017, Plaintiff filed a very similar suit against the Honorable David I. Brown, Judge of the Sacramento County Superior Court, for adjudicative actions taken by Judge Brown during a judgment debtor proceeding; the case was dismissed as a result of judicial immunity. (E.D. Case No. 2:17-cv-0938-KJM-GGH.) On November 17, 2017, Plaintiff filed a substantively identical suit against Judge Brown that has been recommended for dismissal by the Magistrate as a result of res judicata. (E.D. Case No. 2:17-cv-02434-KJM-CKD.)

(ECF No. 6-1 at 2.)

At the hearing on March 22, 2018, Mr. Sprague admitted that he had been represented by counsel during the state court proceedings, when Judge Phillips issued the 2007 minute order and the 2008 judgment at issue. Mr. Sprague asserted that he did not bring this action earlier because he could no longer afford representation, and it took him "over 10,000 hours" to educate himself on the law related to the issues. At the same time, Mr. Sprague admitted that he became aware of the implications of Judge Phillips' alleged violations of plaintiffs' due process, as early as 2008-2009, and in any event no later than December 29, 2015.

II.    LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the

3

plaintiff. <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." <u>Paulsen</u>, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. <u>See Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); <u>accord Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); <u>see also Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in <u>Iqbal</u>).

III.     DISCUSSION

    A.     Judicial Immunity

As explained, the complaint raises claims based upon defendant's actions as a state court judge. (<u>See</u> ECF No. 1 at 7.) However, "judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 12–13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority"). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. <u>Id.</u>; <u>see also Ashelman</u>, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or

4

performs an act that is not judicial in nature").

Indeed, as the court previously advised plaintiffs in <u>Sprague, et al. v. David I. Brown</u>, E.D. Case No. 2:17-cv-00938-KJM-GGH, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1012 (9th Cir. 2000).

The actions at issue here—issuing a minute order and signing a judgment—are quintessential judicial acts. Plaintiffs' assertion that defendant lacked jurisdiction when taking these actions is conclusory and without merit. It is certainly within a judge's jurisdiction to issue orders and judgments. Plaintiffs' arguments about the status of Trustee, Trustor, and Trust in the prior action confuse the issue and do not demonstrate that defendant acted in "the clear absence of jurisdiction" when he performed these quintessential judicial acts.[2] <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 12–13 (1991). Thus, absolute immunity shields defendant from suit in this matter.

B.    Statute of Limitations

Furthermore, actions pursuant to 42 U.S.C. § 1983 must be brought within the statute of limitations for person injury tort actions in the state where the alleged harm occurred. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276. The relevant statute of limitations in California is two years. Cal. Civ. Proc. Code §335.1. The limitation period begins to run "when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999), <u>as amended on denial of reh'g and reh'g en banc</u> (Dec. 13, 1999).

Mr. Sprague's admissions at the hearing before the undersigned demonstrate that he knew, or should have known, about the alleged harm from defendant's actions, more than two years prior to January 16, 2018, the date he initiated this action. (ECF No. 1.) First, plaintiffs were represented by counsel at the time of defendant's actions that purportedly gave rise to these claims. As such, plaintiffs should have known of the alleged injury—"illegally" adding back the

---

[2] Plaintiffs similarly raises overly technical arguments in opposition to the motion to dismiss, alleging that it was not properly served since it was only served on Mr. Sprague, and that defendant's arguments are thereby moot. (ECF No. 8 at 2–4.) Plaintiffs' myopic focus on alleged technical errors is wholly unavailing. As explained, each plaintiff is represented by Mr. Sprague, and each has the same address of record. Thus, it is clear that plaintiffs each received sufficient notice of defendant's motion.

Trust and Trustee to the state court action—when it occurred because, even assuming Mr. Sprague was excusably unaware of the rules of court, his attorney was not. Moreover, Mr. Sprague admitted that by December 29, 2015, he was aware of the alleged harm caused by defendant's actions. Nonetheless, plaintiffs inexcusably waited over two years from that date to file this action.

IV. CONCLUSION

Because defendant is absolutely immune and plaintiffs' claims are barred by the two-year statute of limitations, leave to amend would be futile. See Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend"). Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motions to dismiss (ECF No. 6) be GRANTED.

2. Plaintiffs' complaint be DISMISSED WITH PREJUDICE.

3. Plaintiffs be advised that any future action or motion brought in this court, and deemed to be frivolous, may result in sanctions.

4. The Clerk of Court be ordered to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

6

Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  March 26, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/18-89.sprague.order MTD